*714 On Petition for Rehearing and Consolidation
PER CURIAM.
In addition to' Case No. 36,292 in which an order of disbarment of Respondent was entered on May 31, 1967, another disbarment proceeding, Case No. 36,091, came on for hearing before us and was orally argued on June IS, 1967. In No. 36,292 no request for hearing was submitted by Respondent. However, in No. 36,091 Respondent appeared with one of his counsel, Stanley Jay Bartel, Esq. Mr. Bartel at the hearing informed us that he volunteered his services to Respondent, along with Joseph Nesbitt, Esq., another member of the Bar, after reading the Court’s order of disbarment in No. 36,292 and thereby became acquainted with Respondent’s predicament. Mr. Bartel, for Respondent, urged the Court to re-open case No. 36,292 and filed a paper entitled “Extraordinary Petition for Review and Petition for Rehearing.” It was also urged that the two proceedings be consolidated.
The gist of said Petition and the very earnest oral argument of counsel in behalf of Respondent may be summarized by quoting the following from the Petition:
“1. Respondent’s failure to heretofore defend himself before this Court in this action is based upon excusable neglect. This is attested by the fact that undersigned counsel only learned on June 9, 1967, of the opinion rendered on May 31, 1967, from reading this Court’s advance sheets.
“2. Respondent’s failure ' to heretofore defend himself stems from feelings of guilt, remorse, self-consciousness, and Respondent’s inability to confide in his friends and fellow members of the Bar.
“3. As reflected in Exhibit “A” which is attached hereto, Respondent has made a firm and specific restitution arrangement which should entitle him to the meritorious consideration of this Court.
“4. The judgment of disbarment recommended to this Court by the Board of Governors is extremely severe and harsh in view of the restitution arrangement and likelihood that the within Respondent might be rehabilitated.
“5. Respondent respectfully submits that a suspension for a definite period of time, or in the alternative, for an indefinite period of time, with leave to file for reinstatement would be a more appropriate penalty to impose upon the within Respondent in view of his background, record, and the esteem with which he is held by fellow members of the Florida Bar practicing with him in his home county.”
Several letters are attached to the petition, including twelve from Circuit Judges of the Eleventh Judicial Circuit where Respondent maintains his practice. All of these express shock at Respondent’s disbarment, his failure to defend himself, and urge that Respondent be given an opportunity to make restitution to those he has aggrieved in his professional capacity and to rehabilitate himself to the point he can resume law practice. They generally suggest suspension be meted rather than disbarment and to that end ask for reconsideration of our order of disbarment.
While we are not unmoved, from a purely humanitarian and sympathetic standpoint, by the volunteer efforts of counsel and the compassionate pleas of the highly respected and kindly intentioned Circuit Judges, we do not believe the records in the two cases or dispositions in similar disciplinary proceedings warrant a lesser judgment than disbarment.
In Case No. 36,091 the judgment of the Florida Bar in salient parts reads:
“The evidence herein shows and the referee found that in August, 1964, the respondent accepted $26,350.00 in trust funds from a husband and wife to be held in escrow pending entry of a final decree in a divorce action. Respondent commingled these funds with funds of his *715 own and converted the money to his personal use. As a result, respondent was not able to make repayment when called upon to do so. He subsequently repaid $10,706.05 to the wife after issuing a check for $375.00 which was returned for insufficient funds.
“The referee also found that in December, 1964, respondent received $1,829.31 from other clients to be held in escrow. Respondent commingled said trust funds with his personal funds and converted them to his own use. On January 6, 1965, respondent issued a check to these clients for $1,829.31, which was returned marked “insufficient funds.” The clients were unsuccessful in collecting the trust money until they employed counsel and filed a complaint against respondent.
“The referee found the respondent guilty as charged in both counts of the Bar’s complaint that he was guilty of violating Article XI, Rule 11.02(4) of the Integration Rule of The Florida Bar, Canon 11 of the Canons of Professional Ethics and Rules 1 and 27 of the Additional Rules Governing the Conduct of Attorneys in Florida. The referee recommended that the respondent be disbarred.
“The Board of Governors approves and adopts the referee’s recommendation of guilt and findings of fact. Upon consideration, therefore, it is
“ORDERED AND ADJUDGED that respondent be disbarred from the practice of law and that he pay the costs in these proceedings in the amount of $265.30.”
The foregoing considered, the said Petition is denied and our order of disbarment in Case No. 36,292 shall stand and shall be taken to embrace and dispose Case No. 36,091, the same being consolidated herein.
By proceeding to a final determination in these cases, we do not intend hereby to express any judgment which would prejudice Respondent in any way in any subsequent effort to gain reinstatement to the practice of law under the rules providing reinstatement. We simply hold that in these proceedings ample showings have been made to warrant the entry of the judgments of the Florida Bar in these cases and that an order of disbarment under the circumstances is warranted — yet at the same time we do not discourage the laudable, though belated, efforts of Respondent to make restitution and rehabilitate himself and look toward eventual reinstatement to practice as is urged by his counsel and others who hold him in esteem. We repeat, nothing herein is intended to prejudice or delay Respondent in proceeding under the conditions prescribed in disciplinary rules to seek reinstatement, assuming that restitution has been made and rehabilitation has been achieved.
O’CONNELL, C. J., and DREW, THORNAL, CALDWELL and ERVIN, JJ., concur.